# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

PATRICK FISH,

            Plaintiff,

    v.

TOM'S OF MAINE, INC.,

            Defendant.

**Case No. 6:23-cv-00110-DNH-TWD**

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

---

**GORDON REES SCULLY MANSUKHANI, LLP**
Peter G. Siachos, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (973) 549-2532
Fax: (973) 377-1911
psiachos@grsm.com

Clair E. Wischusen, Esq. (*pro hac vice*)
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Tel: (973) 549-2524
Fax: (973) 377-1911
cwischusen@grsm.com

*Attorneys for Defendant, Tom's of Maine, Inc.*

# <u>TABLE OF CONTENTS</u>

Page

I.     INTRODUCTION ..........................................................................................................1

II.    BACKGROUND ............................................................................................................2

III.   STANDARD OF REVIEW ............................................................................................5

IV.    ARGUMENT .................................................................................................................6

      A.     PLAINTIFF'S NEW YORK GBL §§ 349 AND 350 AND OTHER
           CONSUMER PROTECTION ACT CLAIMS FAIL .............................................6

           1.     The Alleged False Labeling Statements Do Not Appear On
                Defendant's Product Labeling .....................................................................7

           2.     Defendant's Product Labeling Does Not Mislead Reasonable
                Consumers......................................................................................................9

           3.     Plaintiff's New Allegations About Website Statements Do Not
                Save His Defective Claims .........................................................................12

      B.     PLAINTIFF'S WARRANTY CLAIMS FAIL.....................................................14

           1.     Lack of Requisite Notice ...........................................................................15

           2.     No Plausible Claim for Breach of Any Warranty.....................................16

           3.     No Vertical Privity.....................................................................................17

           4.     No Plausible State Law or MMWA Claim.................................................18

      C.     PLAINTIFF'S FRAUD CLAIM FAILS .............................................................18

V.     CONCLUSION.............................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ackerman v. Coca-Cola Co.*,
    2010 WL 2925955 (E.D.N.Y. July 21, 2010) .........................................................................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................5

*Axon v. Florida's Nat. Growers, Inc.*,
    813 F. App'x 701 (2d Cir. 2020) .........................................................................................5

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
    2018 WL 1569697 (N.D. Cal. March 30, 2018) ...............................................................8, 9

*Beers v. Mars Wrigley Confectionary, U.S., LLC*,
    2022 WL 493555 (S.D.N.Y. Feb. 17, 2022) .......................................................................1

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................5

*Campbell v. Whole Foods Mkt. Grp.*,
    516 F. Supp. 3d 370 (S.D.N.Y. 2013) ...............................................................................15

*Cosgrove v. Oregon Chai, Inc.*,
    520 F. Supp. 3d 562 (S.D.N.Y. 2021) ..........................................................................16, 18

*Cota v. Ralph Lauren Corp.*,
    2022 WL 1597631 (E.D. Wis. May 19, 2022) ...................................................................16

*Cummings v. FCA US LLC*,
    401 F.Supp.3d 288 (N.D.N.Y. Aug. 1, 2019) ..............................................................12, 14

*Daniel v. Mondelez Int'l, Inc.*,
    287 F. Supp. 3d 177 (E.D.N.Y. 2018) ..............................................................................11

*Davis v. Hain Celestial Group, Inc.*,
    297 F. Supp. 3d 327 (E.D.N.Y. Apr. 3, 2018) ...............................................................3, 19

*Duran v. Henkel of Amer., Inc.*,
    450 F. Supp. 3d 337 (S.D.N.Y. Mar. 30, 2020) .................................................................19

*Ebin v. Kangadis Food Inc.*,
    2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ...............................................................17, 18

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*,
    783 F.3d 395 (2d Cir. 2015)......................................................................18

*Gale v. Int'l Bus. Machines Corp.*,
    9 A.D.3d 446 (N.Y. App. Div. 2004) ...................................................13

*Garadi v. Mars Wrigley Confectionary US, LLC*,
    2021 WL 2843137 (E.D.N.Y. July 6, 2021) ...............................8, 9, 11

*Garcia v. Chrysler Gr. LLC*,
    127 F. Supp. 3d 212 (S.D.N.Y. 2015)......................................................18

*Grossman v. Simply Nourish Pet Food Co.*,
    516 F. Supp. 3d 261 (E.D.N.Y. 2021) ....................................................15

*Guzman v. Walmart Inc.*,
    2023 WL 3455319 (N.D. Ill. May 15, 2023) ...........................................1

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009).........................................................................5

*Hawkins v. Coca-Cola Co.*,
    --- F.Supp.3d ---, 2023 WL 1821944 (S.D.N.Y. Feb. 7, 2023) ...........8, 15, 16

*Henry v. Nissin Foods (U.S.A.) Co. Inc.*,
    2023 WL 2562214 (E.D.N.Y. March 17, 2023) ......................6, 9, 10, 11

*Hesse v. Godiva Chocolatier, Inc.*,
    463 F. Supp. 3d 453 (S.D.N.Y. 2020)......................................................17

*Horowitz v. Stryker Corp.*,
    613 F. Supp. 2d 271 (E.D.N.Y. 2009) ....................................................12

*Jessani v. Mosnini N. Am., Inc.*,
    744 F. App'x 18 (2d Cir. 2018) ................................................................9

*Kennedy v. Mondelez Glob. LLC*,
    2020 WL 4006197 (E.D.N.Y. July 10, 2020) ........................................17

*In re KIND LLC Healthy & All Natural Litig.*,
    209 F. Supp. 3d 689 (S.D.N.Y. 2016)......................................................12

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014)......................................................18

*Lee v. Mikimoto (America) Co. Ltd.*,
    2023 WL 2711825 (S.D.N.Y. March 30, 2023) .......................................7

*Lieberson v. Johnson & Johnson Consumer Cos.*,
    865 F. Supp. 2d 529 (D.N.J. 2011) ...............................................................13, 14

*Lin v. Canada Goose US, Inc.*,
    --- F. Supp.3d ---, 2022 WL 16926312 (S.D.N.Y. Nov. 14, 2022) ...........................7

*Mahoney v. Endo Health Solns., Inc.*,
    2016 WL 3951185 (S.D.N.Y. July 20, 2016) ..........................................................16

*Manuel v. Pepsi-Cola Co.*,
    2018 WL 2269247 (S.D.N.Y. Sept. 11, 2017).........................................................10

*Matthews v. Polar Corp.*,
    2023 WL 2599871 (N.D. Ill. March 22, 2023).........................................2, 8, 9, 16

*Miller v. Wells Fargo Bank, N.A.*,
    994 F. Supp. 2d 542 (S.D.N.Y. 2014)......................................................................12

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*,
    898 F.3d 243 (2d Cir. 2018).....................................................................................19

*Negrete v. Citibank, N.A.*,
    187 F. Supp. 3d 454 (S.D.N.Y. 2016)......................................................................19

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015).......................................................................................6

*Ostermeier-McLucas v. Rite Aid Headquarters Corp.*,
    2021 WL 2986564 (E.D.N.Y. July 15, 2021) ...........................................................9

*Pichardo v. Only What You Need, Inc.*,
    2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) ..........................................................11

*Rapcinsky v. Skinnygril Cocktails, LLC*,
    2013 WL 93636 (S.D.N.Y. Jan 9, 2013) .................................................................12

*Red v. Kraft Foods, Inc.*,
    2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)..........................................................10

*Reyes v. Crystal Farms Refrigerated Distribution Co.*,
    2019 WL 3409883 (E.D.N.Y. July 26, 2019) ...........................................................6

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994)......................................................................................18

*Steele v. Wegman's Food Mkts., Inc.*,
    472 F. Supp. 3d 47 (S.D.N.Y. 2020)........................................................................11

*Tears v. Boston Scientific Corp.*,
    344 F. Supp. 3d 500 (S.D.N.Y. 2018) ................................................................. 16

*Tomasino v. Estee Lauder Cos.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ................................................................... 15

*Troncoso v. TGI Friday's Inc.*,
    2020 WL 3051020 (S.D.N.Y. June 8, 2020) ....................................................... 13

*Twohig v. Shop-Rite Supermarkets, Inc.*,
    519 F.Supp.3d 154 (S.D.N.Y. 2021) ..................................................................... 7

*Wallace v. Wise Foods, Inc.*,
    2021 WL 3163599 (S.D.N.Y. July 26, 2021) ........................................................ 7

*Warren v. Coca-Cola Co.*,
    2023 WL 3055196 (S.D.N.Y. Apr. 21, 2023) ........................................................ 1

*Warren v. Whole Foods Mkt. Grp., Inc.*,
    2021 WL 5759702 (E.D.N.Y. Dec. 3, 2021) ....................................................... 10

*Winston v. Hershey Co.*,
    2020 WL 8025385 (E.D.N.Y. Oct. 26, 2020) ........................................................ 1

*Zahora v. Orgain LLC*,
    2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) ........................................................ 10

**Statutes**

New York General Business Law § 349 ...................................................................... 6, 11

New York General Business Law §§ 349-50 ................................................................. 11

New York General Business Law § 350 ...................................................................... 6, 11

**Regulations**

21 C.F.R. Part 356 .......................................................................................................... 10

**Rules**

Fed. R. Civ. Proc. 12(b)(6) ............................................................................................. 5

Defendant Tom's of Maine, Inc. ("Tom's" or "Defendant"), by undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss the first amended complaint ("FAC," ECF No. 12) of Plaintiff Patrick Fish ("Plaintiff") with prejudice.

## I.  **INTRODUCTION**

Plaintiff filed this action challenging the labeling of Tom's Antiplaque & Whitening Fluoride-Free toothpaste (the "Product"). While Plaintiff has amended his complaint, the core has not changed. The challenged labeling statements in his latest complaint are still "Antiplaque," "Fluoride-Free," and "fights tartar buildup." FAC ¶ 1. Plaintiff does not dispute the accuracy of these statements. In fact, Plaintiff admits, "the label is permitted to describe the Product's ability to reduce plaque based on its abrasive ingredients." FAC ¶ 23. Rather, he claims the statements improperly "tell[] consumers it will prevent gingivitis" and that "the reduction in plaque will be therapeutically significant," when, according to Plaintiff, this is false. *Id.*

Plaintiff's claims fail for the simple reason that Tom's did not make such representations. Plaintiff cannot bring a misrepresentation claim about representations that are not there. Plaintiff's claims are similar to those rejected in dozens of other cases brought by the same Plaintiff's counsel where the alleged misrepresentations were inconsistent with the actual labels. *See Guzman v. Walmart Inc.*, 2023 WL 3455319 (N.D. Ill. May 15, 2023 ("Plaintiff's counsel has developed a fair bit of notoriety for filing cases about consumer labeling. Many of the complaints have suffered the judicial equivalent of a crash landing, or perhaps an explosion on the launch pad. They haven't survived for long."); *Warren v. Coca-Cola Co.*, 2023 WL 3055196, *6 (S.D.N.Y. Apr. 21, 2023) (dismissing false advertising claims brought by the same Plaintiff's counsel as "plainly inconsistent with the face of the package, and with common sense"); *Beers v. Mars Wrigley Confectionary, U.S., LLC*, 2022 WL 493555, at *5 (S.D.N.Y. Feb. 17, 2022) (plaintiff cannot state claims where "front label is not misleading" and "there is no deception to be cured"); *Winston v.*

*Hershey Co.*, 2020 WL 8025385, at *4 (E.D.N.Y. Oct. 26, 2020) ("[H]ere, there is no . . . misleading word or phrase on the packaging, rather, the ingredient list confirms what the absence of the word 'chocolate' on the packaging suggests – that Reese's White is not white chocolate."); (*Matthews v. Polar Corp.*, 2023 WL 2599871, *8 (N.D. Ill. March 22, 2023) ("Polar did not make any representations about how much lemon is in each can, so Matthews cannot state a claim about the lemon in each can.").

In response to Defendant's earlier motion, Plaintiff tries to bolster his claims about labeling statements that are not there with website statements he does not allege he relied upon. The FAC now alleges that website statements on Amazon and Walmart falsely state the Product prevents cavities. FAC ¶¶ 18, 33, 35, 48. However, nowhere does Plaintiff claim to have relied on these website statements in purchasing the Product at a Walmart store. *Id.* at ¶¶ 8, 10. Indeed, Plaintiff's original complaint did not reference the website statements and he continues to claim he exclusively purchased the Product at brick and mortar locations. *Id.* at ¶ 34.

Plaintiff's claims fail because they are based on statements Tom's did not make and statements Plaintiff did not rely upon. The labeling statements made by Tom's and allegedly relied upon by Plaintiff are truthful; Plaintiff does not allege that the Product contains fluoride and he concedes that Tom's can describe the Product's antiplaque ability. Because no reasonable consumer could be misled by Tom's labeling, the Motion should be granted and the FAC should be dismissed with prejudice.

## II.   <u>BACKGROUND</u>

Tom's manufactures and distributes toothpaste, including its "Fluoride-Free Antiplaque & Whitening Natural Toothpaste" (the "Product"). FAC ¶ 1. Plaintiff claims he purchased the Product at "stores including Walmart, 4765 Commercial Dr, New Hartford, New Yok [sic] 13413, between 2021 and 2023, and/or among other times." *Id.* at ¶ 34. Plaintiff alleges no facts about

his experience with the Product, including whether or not he used it.  *Id.*  Plaintiff claims the

Product sold at a "premium price, approximately no less than $6.99 for 5.5 oz."  *Id.* at ¶ 33.

Plaintiff does not state the price he paid.  *Id.*

The Product comes in a tube and is packaged in a carton.  *Id.*  The carton looks like this:



Both the carton and tube include the challenged "Fluoride-Free," "Antiplaque," and "fights tartar

buildup" claims.  *See* Exhibit A.[1]  The label of both the carton and the tube states, "with regular

brushing, helps prevent plaque and tartar build up, and remove surface stains."  *Id.*  Nowhere does

the Product "tell[] consumers it will prevent gingivitis" or that "the reduction in plaque will be

---

[1] The FAC contains only partial images of the carton and tube so Defendant attaches complete copies as Exhibit A here.  The Court properly considers the complete product label on a motion to dismiss.  *See, e.g., Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 327, n. 3 (E.D.N.Y. Apr. 3, 2018) (considering complete consumer product label provided by defendant because "[w]hen a plaintiff relies on a document (or, as here, a label) in drafting his complaint, it is appropriate for the court to consider that document in deciding a motion to dismiss."

3

therapeutically significant," like Plaintiff claims. *Id.* at ¶ 23. Tom's moved to dismiss the original complaint because Plaintiff cannot state a false advertising claim based on labeling statements Tom's did not make. ECF No. 6.

In response, Plaintiff amended his complaint to add allegations about webpage statements about the Product on Amazon and Walmart. *Id.* at ¶¶ 8, 10. The Amazon webpage states the Product "prevent[s] tartar buildup that can weaken enamel and lead to cavities" and the Walmart webpage for the double-pack (but not the single-pack) describes it as "a whitening toothpaste that protects against cavities." *See id.* at 3. Plaintiff's original complaint made no reference to any website cavity claims and Plaintiff still does not allege he relied on, or even saw, these specific cavity claims in purchasing the Product. Complaint, ECF No. 1; FAC ¶¶ 34, 35.

While Plaintiff claims to be dissatisfied with the Product, he does not allege it failed to deliver on its claims. Plaintiff does not allege that the Product contains fluoride or is incapable of removing plaque with regular brushing. In fact, the FAC specifically alleges that the Product contains only non-fluoride ingredients and that it contains abrasive materials that remove plaque. FAC ¶¶ 13, 19, 23, 35. Rather, Plaintiff's theory is that, "[w]hile the label is permitted to describe the Product's ability to reduce plaque based on its abrasive ingredients, 'antiplaque' in conjunction with the promise to fight tartar buildup, which is calcified or hardened plaque, tells consumers it will prevent gingivitis and that the reduction in plaque will be therapeutically significant, when this is false." *Id.* at ¶ 23.

Plaintiff claims he "paid more for the Product than he would have had he known the above-referenced facts or would not have purchased it." *Id.* at ¶ 37. Plaintiff seeks certification of a New York class and a consumer fraud multi-state class. *Id.* at ¶ 40. Plaintiff asserts claims under the New York General Business Law ("GBL") and unidentified consumer protection statutes from

several other states.  *Id.* at ¶¶ 47-52.  He alleges breach of express and implied warranties of merchantability, and a violation of the Magnuson Moss Warranty Act ("MMWA").  *Id.* at ¶¶ 53-66.  He also bring a common law claim for fraud.  *Id.* at ¶ 67-68.

## III.   <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when there is "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 678 (citation omitted).  Thus, factual allegations "must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679. This presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)).  "Furthermore, where 'the allegations of [a] [c]omplaint are materially inconsistent with the' evidence a plaintiff relies on to make those allegations, [the court] may 'easily conclude that [p]laintiffs' claims lack the facial plausibility necessary to survive a motion to dismiss.'"  *Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 704 (2d Cir. 2020) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013)).

## IV.   ARGUMENT

### A.   PLAINTIFF'S NEW YORK GBL §§ 349 AND 350 AND OTHER CONSUMER PROTECTION ACT CLAIMS FAIL

Plaintiff fails to state claims under NY GBL §§ 349 and 350 and the other unidentified consumer protection statutes.  To state a claim under either section of the GBL, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice."  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).  "To prove conduct was materially misleading, a plaintiff must demonstrate that it would mislead a reasonable consumer acting reasonably under the circumstances."  *Reyes v. Crystal Farms Refrigerated Distribution Co.*, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019) (internal quotations omitted).  Plaintiff's claims under the other consumer protection statutes apply the same reasonable consumer standard.  *See Henry v. Nissin Foods (U.S.A.) Co. Inc.*, 2023 WL 2562214, at *3 (E.D.N.Y. March 17, 2023) ("Surveys of consumer protection statutes across the country have also found that the elements of such statutes are similar across jurisdictions, and the 'critical issue . . . is whether a reasonable consumer would be misled by [a d]efendant's statement.'") (quoting *Harris v. Mondelez Glob. LLC*, 2020 WL 4336390, at *2 (E.D.N.Y. July 28, 2020)).

"Whether or not a reasonable consumer would be misled by the allegedly deceptive packaging is a question of law that can be decided by a court at motion to dismiss."  *Henry*, 2023 WL 2562214, *4 (citing *Fink*, 714 F.3d at 741).  "It is not a question of fact."  *Id.* at *4.  "Mere allegations in a complaint that a statement would mislead a reasonable consumer do not satisfy a plaintiff's burden at the pleading stage."  *Id.* (citing *Wynn v. Topco Assocs.*, LLC, 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021).  "Instead, plaintiffs must 'plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the

circumstances, could be misled.'" *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F.Supp.3d 154, 160 (S.D.N.Y. 2021) (quoting *Sarr v. BEF Foods, Inc.*, 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020)). "This analysis focuses on the precise representations made on the packaging." *Wallace v. Wise Foods, Inc.*, 2021 WL 3163599, *2 (S.D.N.Y. July 26, 2021).

Courts in this circuit routinely dismiss GBL and other consumer protection act claims where, as here, they are premised on unreasonable interpretations of labeling statements. *See, e.g., Lin v. Canada Goose US, Inc.*, --- F. Supp.3d ---, 2022 WL 16926312, * 4 (S.D.N.Y. Nov. 14, 2022) (granting motion to dismiss because "[n]o reasonable consumer would understand [challenged statement] to mean that all of [d]efendant's products were . . . equally appropriate for 'the most remote corners of the Arctic,'" as alleged); *Wallace*, 2021 WL 3163599, at *2 (dismissing GBL and related claims because "packaging would not mislead a reasonable consumer" where "[n]othing in the label states or implies" the flavoring representation alleged by plaintiff); *Lee v. Mikimoto (America) Co. Ltd.*, 2023 WL 2711825, *6 (S.D.N.Y. March 30, 2023) (granting motion to dismiss complaint because "no reasonable consumer would be misled to believe that the statement 'meet the strictest standard,' without more, implies a minimum nacre thickness."). As discussed below, Plaintiff's GBL and other consumer protection claims should be dismissed because the claimed labeling misrepresentations do not appear on the label and no reasonable consumer would be misled by the actual labeling.

### 1.   The Alleged False Labeling Statements Do Not Appear On Defendant's Product Labeling

Plaintiff's GBL and other consumer protection claims should be dismissed in the first instance because the alleged false labeling statements do not actually appear on the Product label. Contrary to the allegations in the Complaint, nowhere does the labeling "tell[] consumers it will prevent gingivitis" or "that the reduction in plaque will be therapeutically significant."   FAC ¶ 23.

The labeling in question does not even reference "gingivitis" or a "therapeutically significant" reduction in plaque.  Rather, the label simply states that the Product is called "Antiplaque & Whitening," is "Fluoride-Free," and "fights tartar buildup."  *See id.* at ¶ 1; Exhibit A.  The label also tells consumers "with regular brushing, helps prevent plaque and tartar build up . . . Use regularly."  Exhibit A.

Courts in this district and others have rejected similar attempts to base false advertising claims on labeling statements that did not make the claimed misrepresentations.  For example, Plaintiff's counsel previously filed a plethora of so-called "Vanilla Cases" throughout the Second Circuit and other, alleging that various products labeled as "vanilla" were materially misleading because they did not contain "naturally derived vanilla extract."  *See Hawkins v. Coca-Cola Co.*, --- F.Supp.3d ---, 2023 WL 1821944, *5-6 (S.D.N.Y. Feb. 7, 2023) (collecting cases).  The Vanilla Cases were uniformly rejected because "the word vanilla, by itself, indicates a flavor, and the labels in question made no representation as to any particular ingredient(s) that were contained in the product or were the source of that flavor in the product."  *Id.* at *6 (citation omitted); *see also Garadi v. Mars Wrigley Confectionary US, LLC*, 2021 WL 2843137, at *3 (E.D.N.Y. July 6, 2021) (explaining the phrase "vanilla ice cream" does not "make any claims about where or in what quantity the vanilla taste comes from.").  Similarly, in *Becerra v. Dr. Pepper/Seven Up, Inc.*, 2018 WL 1569697, at *6 (N.D. Cal. March 30, 2018) the court rejected the claim that the word "diet" leads "consumers [to] reasonably believe that [Diet Dr. Pepper] will assist in weight loss, or at least healthy weight management, for example, by not causing weight gain" because "nothing on the label, packaging, or advertising of Diet Dr. Pepper makes the claim or even suggests that the product will assist in weight loss or healthy weight management."  In *Matthews*, the court rejected the claim that the word "lemon" misleads consumers into believing that seltzer contains more

lemon ingredients than it does.  2023 WL 2599871, at *3-4.  The court explained:

> The claim about the amount of lemon fails for a simple reason.  Polar did not make any representations about the amount of lemon in each can.  So [plaintiff] cannot bring a misrepresentation claim about the amount of lemon in each can.  She can't bring a misrepresentation claim about a representation that isn't there.

*Id.* at *4.

As in the Vanilla Cases, *Becerra*, and *Matthews*, Plaintiff's labeling claims are based on alleged misrepresentations Tom's did not make.  Tom's did not say anything about "prevent[ing] gingivitis" or "reducing plaque in a therapeutically significant way."  FAC, ¶¶ 21, 23; Exhibit A.  Like *Matthews*, Plaintiff Fish "can't bring a misrepresentation claim about a representation that isn't there."  *Matthews*, 2023 WL 2599871 at *4.

### 2. Defendant's Product Labeling Does Not Mislead Reasonable Consumers

Plaintiff's GBL and other consumer protection claims also fail because the Product's "Fluoride-Free," "Antiplaque," "fights tartar buildup" claims are not capable of misleading reasonable consumers as a matter of law.  "To state a claim [for deceptive advertising], 'plaintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers.'"  *Ostermeier-McLucas v. Rite Aid Headquarters Corp.*, 2021 WL 2986564, at *3 (E.D.N.Y. July 15, 2021).  Instead, they must "plausibly allege 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'"  *Jessani v. Mosnini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (quoting *Ebner v. Fresh Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)).  "Mere allegations in a complaint that a statement would mislead a reasonable consumer do not satisfy a plaintiff's burden at the pleading stage."  *Henry*, 2023 WL 2562214, at *4 (citing *Wynn*, 2021 WL 168541, at *3).

Here, Plaintiff fails to establish that the statements "Fluoride-Free," "Antiplaque," and

"fights tartar buildup" are likely to mislead reasonable consumers.  Plaintiff's allegations do not offer any plausible basis for believing that reasonable consumers would interpret the label's statements to mean that the Product "tells consumers it will prevent gingivitis and that the reduction in plaque will be therapeutically significant."  FAC ¶ 23.  "A cause of action for false or misleading conduct cannot rest on an unreasonable reading of [the] label or advertising at issue." *Manuel v. Pepsi-Cola Co.*, 2018 WL 2269247, at \*10 n. 22 (S.D.N.Y. Sept. 11, 2017).  Courts have repeatedly dismissed claims in which a plaintiff similarly "alleges that a consumer will read a true statement on a package and will then . . . assume things about the products *other than* what the statement actually says."  *Red v. Kraft Foods, Inc.*, 2012 WL 5504011, at \*3 (C.D. Cal. Oct. 25, 2012); *Zahora v. Orgain LLC*, 2021 WL 5140504, at \*4 (N.D. Ill. Nov. 4, 2021) ("A reasonable consumer would not read into the label what is simply not there").  Reasonable consumers here would not assume that "Fluoride-Free," "Antiplaque," and "fights tartar buildup" mean anything other than what they say.

Plaintiff's reliance on a proposed FDA monograph for Antigingivitis and Antiplaque claims from 2003 also does not state a claim under the reasonable consumer standard.  FAC ¶ 11 (citing 68 Fed. Reg. 32232, Oral Health Care Drug Products for Over-the-Counter Human Use; Antigingivitis/Antiplaque Drug Products; Establishment of a Monograph (May 29, 2002) (proposed 21 C.F.R. Part 356).  Courts have repeatedly held that such FDA guidance materials are irrelevant to the question of whether a product label misleads reasonable consumers.  *See Warren v. Whole Foods Mkt. Grp., Inc.*, 2021 WL 5759702, at \*3 (E.D.N.Y. Dec. 3, 2021) ("courts have concluded that FDA guidance is 'without consequence' when stating a claim under New York law."); *Henry v. Nissin Foods (U.S.A.) Co. Inc.*, 2023 WL 2562214, at \*5 (E.D.N.Y. March 17, 2023) ("the court will not consider the FDA's statements on the misleading nature of the term 'No

10

Additional MSG' in determining whether Plaintiff has pleaded sufficient facts as to the reasonable consumer inquiry"); *Garadi*, 2021 WL 2843137, at *3 (finding "references to U.S. Food and Drug Administration ("FDA") regulations for vanilla flavor and ice cream are not relevant" to GBL §§ 349 and 350 claims); *Pichardo v. Only What You Need, Inc.*, 2020 WL 6323775, at *3 n. 6 (S.D.N.Y. Oct. 27, 2020) ("Plaintiffs' claims regarding FDA regulations are not relevant to determining whether a label is deceptive or misleading under GBL ¶¶ 349-50" as "violations of federal standards do not automatically translate into an actionable claim under GBL ¶¶ 349-50.") (citations omitted); *Steele v. Wegman's Food Mkts., Inc.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020) ("[T]he extensive discussion and argument in the motion with respect to particular federal standards for ice cream flavor descriptions is without consequence.").

This is because "[w]hile the FDCA and parallel state statutes define a 'misrepresentation' for purposes of those statutes, New York courts . . . have adopted an objective definition of what constitutes a 'material misrepresentation' under sections 349 and 350—a definition that takes context into account." *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 190 (E.D.N.Y. 2018); *see also Henry*, 2023 WL 2562214, at *5 (observing "that the term 'reasonable consumer' appears nowhere in the FDCA's definition of 'misleading'" and "[w]hile the FDA may have 'substantial experience' evaluating misleading labels under the FDCA, . . . this expertise does not necessarily transfer to determining whether something is materially misleading under N.Y. G.B.L. §§ 349 and 350.").   Applying the reasonable consumer standard to Plaintiff's claims here, the Product does not mislead reasonable consumers because it does not promise to prevent gingivitis or provide a "therapeutically significant" reduction in plaque like Plaintiff claims.  *See* Exhibit A.  Plaintiff's reliance on a proposed FDA monograph from twenty years ago does not alter that conclusion.

### 3. Plaintiff's New Allegations About Website Statements Do Not Save His Defective Claims

Plaintiff's new allegations about website cavity claims must be disregarded because Plaintiff fails to plausibly allege he saw these website statements, much less that he relied upon them in purchasing the Product at a brick and mortar Walmart store.  FAC ¶¶ 8, 10, 34.

In order to base a claim on any of these website statements, Plaintiff must have alleged facts plausibly suggesting that he actually saw and relied upon the statements before purchasing the Product.  *Cummings v. FCA US LLC*, 401 F.Supp.3d 288, 305 (N.D.N.Y. Aug. 1, 2019) (citing *Stoltz v. Fage Dairy Processing Ind., S.A.*, 2015 WL 5579872, at *22 (E.D.N.Y. 2015) ("In the context of claims involving consumable goods, 'to properly allege causation, a plaintiff must state in his complaint that he has seen the misleading statements of which he complains *before* he came into possession of the products purchased.") (emphasis added); *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014) ("Of course, if Plaintiff did not see the website and Facebook page beforehand, he could not have been injured by them."); *see also Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 288 (E.D.N.Y. 2009) (To state any of his causes of action, Plaintiff "must plead reliance on a false advertisement at the time the product was purchased.")  (citing *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 752 N.Y.S.2d 400, 403 (2002) (affirming dismissal of warranty and consumer protection claims because "plaintiff failed to show that they relied upon or were aware of the allegedly false advertisement when purchasing the [product]")); *In re KIND LLC Healthy & All Natural Litig.*, 209 F. Supp. 3d 689, 697 (S.D.N.Y. 2016) (dismissing consumer protection claims because "no plaintiff alleges that they read and relied on the 'non-GMO' labeling statement prior to purchasing the products."); *Rapcinsky v. Skinnygril Cocktails, LLC*, 2013 WL 93636, *7 (S.D.N.Y. Jan 9, 2013) ("[E]xpress warranty claims in [New York] require some showing of reliance on the part of a plaintiff.");

*Miller v. Wells Fargo Bank, N.A.*, 994 F. Supp. 2d 542, 557-58 (S.D.N.Y. 2014) ("The plaintiff must show that the defendant's material deceptive act caused the injury.").

Courts dismiss consumer protection claims where, as here, the plaintiff fails to plausibly allege that he saw and relied upon the alleged advertising in purchasing the product. *See, e.g., Troncoso v. TGI Friday's Inc.*, 2020 WL 3051020, *11 (S.D.N.Y. June 8, 2020) (dismissing false advertising claims based on Amazon webpage statements about snack chips where plaintiff did not plausibly allege he relied on the webpage statements in purchasing snack chips at gas station); *Gale v. Int'l Bus. Machines Corp.*, 9 A.D.3d 446, 447 (N.Y. App. Div. 2004) (finding failure to plead GBL claims where, although plaintiff pled facts as to particular misleading statements, he did not state that he saw those particular statements before purchasing the product, noting that, without seeing the statements, they could not have caused him injury); *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 533, 539 (D.N.J. 2011) (dismissing false advertising claims where plaintiff did not allege "when these statements [in the commercials, print ads and websites] were made or whether and when [p]laintiff actually viewed them").

For example, in *Lieberson*, the plaintiff alleged Johnson & Johnson misrepresented its baby bath products as "clinically proven to help babies sleep better." *Id.* at 535. In addition to challenging the labeling on the product, she also identified nine allegedly false statements that appeared in commercials, print ads, and websites. *Id.* at 539. However, the plaintiff did not identify "when these statements were made or whether and when "[p]laintiff actually viewed them." *Id.* at 535. "Further, although [p]laintiff allege[d] that she 'routinely read' various parenting magazines 'including for example, Baby Talk, Parenting and Parents magazines,' [p]laintiff ha[d] nowhere alleged whether or when the advertisements quoted in the Complaint appeared in these magazines, nor ha[d] she alleged whether or when she viewed these

13

advertisements in the various parenting magazines." *Id.* (citation omitted).  The Court found that the plaintiff had not sufficiently pled her consumer fraud claim "with regard to any misrepresentation or omissions made by [Johnson & Johnson] and disseminated by way of television commercials, print advertisements, [or] website." *Id.*

The same is true with respect to Plaintiff's website claims here.  Plaintiff's FAC alleges for the first time that the Product is sold on the Amazon and Walmart websites, along with certain representations about cavities.  FAC ¶¶ 8, 10.  Noticeably absent, however, is any allegation that the Plaintiff saw these specific website statements before purchasing the Product at a Walmart store and when and where he saw them.  *See* FAC, *generally*.  At most, Plaintiff makes the highly generalized allegation that at some unidentified time he "read . . . website statements about [the Product's] ability to prevent cavities and expected the Product would . . . prevent cavities, even though it did not contain fluoride."  FAC ¶ 35.  As in *Lieberson*, Plaintiff had not sufficiently pled his claims "with regard to any misrepresentation or omissions made by [Tom's] and disseminated by way of . . . website."  *Lieberson*, 865 F.Supp. 2d at 535; *see also Cummings*, 401 F.Supp.3d at 306 (declining to consider certain alleged representations where it was "not clear from [plaintiff's] vague references to 'marketing materials' and 'representations regarding the Class Vehicle' whether [p]laintiff had seen none, some, or all of the [alleged representations].").  Thus, all of Plaintiff's claims fail for lack of causation and reliance to the extent they are based on website statements about cavities that Plaintiff did not see before purchasing the Product.

## B.  PLAINTIFF'S WARRANTY CLAIMS FAIL

Plaintiff's express, implied, and MMWA warranty claims fail for multiple reasons.  First, Plaintiff's warranty claims fail because Plaintiff does not adequately allege he provided pre-suit notice.  Second, Plaintiff fails to plausibly allege a breach of warranty.  Third, Plaintiff's implied warranty claim fails for lack of vertical privity.  Fourth, Plaintiff's MMWA claim cannot survive

because there are no plausible state law warranty claims.

### 1. Lack of Requisite Notice

All of Plaintiff's express and implied warranty claims must be dismissed because Plaintiff failed to provide Tom's with timely notice of any alleged breach of warranty. New York law requires that the buyer, "'within a reasonable time after he discovers or should have discovered any breach[,] notify the seller of breach or be barred from any remedy.'" *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) (quoting N.Y. U.C.C. § 2-607(3)(a)). To adequately plead the pre-suit notice requirement, "plaintiff[s] must provide factual allegations—such as the date and method plaintiff[s] sent a pre-suit notice—supporting the contention that [they] notified [the] defendant of the alleged breach within a reasonable time." *Grossman v. Simply Nourish Pet Food Co.*, 516 F. Supp. 3d 261, 283 (E.D.N.Y. 2021); *Campbell v. Whole Foods Mkt. Grp.*, 516 F. Supp. 3d 370, 393 (S.D.N.Y. 2013) (dismissing express and implied warranty claims for failure to plead that defendants were given timely notification of breach).

Here, Plaintiff fails to adequately allege that he provided Tom's with any manner of pre-suit notice (and he did not). Plaintiff vaguely alleges only that "Plaintiff provided *or* provides notice to Defendant, its agents, representatives, retailers, and their employees" and that "Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums." FAC ¶ 62-63. The district court rejected allegations virtually identical to these in another case recently filed by Plaintiff's counsel. *See Hawkins*, 2023 WL 1821944, *9. In *Hawkins*, allegations that "Plaintiff provided or will provide notice to [D]efendant, its agent, representatives, retailers, and their employees" and that "Defendant received notice and should have been aware of these misrepresentations due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online

forums" were "insufficient to plead pre-suit notice and avoid dismissal." *Id.*; *see also Cota v. Ralph Lauren Corp.*, 2022 WL 1597631, at *3 (E.D. Wis. May 19, 2022) (holding that identical "provided or will provide notice" language did not adequately plead pre-suit notice and dismissing warranty claims).  Plaintiff's same allegations are just as insufficient here to plead pre-suit notice and avoid dismissal.

## 2.    No Plausible Claim for Breach of Any Warranty

Even if pre-suit notice were provided—which it was not—Plaintiff's warranty claims fail for the same reasons as Plaintiff's NY GBL claims.  That is, Plaintiff's failure to plausibly allege a reasonable consumer would be misled by the actual labeling means Plaintiff also fails to plausibly allege a breach of warranty.  *See Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 584-85 (S.D.N.Y. 2021) ("the failure of Plaintiffs' overarching theory of misleading business practices dooms these claims as well") (citing *Barreto v. Westbrae Natural, Inc.*, 518 F. Supp. 3d 795, 806 (S.D.N.Y. 2021)) (dismissing claims for negligent misrepresentation, fraud, and breach of warranty on the basis that the court "already determined that [plaintiff] has failed to allege that the product's labeling would be likely to deceive or mislead a reasonable consumer"); *see also Matthews* (because "[t]he complaint does not sufficiently allege that a reasonable consumer would be misled by the product's labeling . . . [t]hat failure is a kill shot to the Achilles Heel of the entire case.").

A "successful breach of express warranty claim requires proof that [] an affirmation or promise [about the product] existed, that it was breached, and that plaintiff detrimentally relied on the warranty." *Tears v. Boston Scientific Corp.*, 344 F. Supp. 3d 500, 512 (S.D.N.Y. 2018).  An implied warranty claim requires "both the existence and breach of the warranty and that the breach was the proximate cause of plaintiff's damages." *Mahoney v. Endo Health Solns., Inc.*, 2016 WL 3951185, at *4 (S.D.N.Y. July 20, 2016).  "Whether Plaintiff's interpretation of a label . . .

reflected a promise made by Defendant necessarily depends on what a reasonable consumer would believe." *Kennedy v. Mondelez Glob. LLC*, 2020 WL 4006197, at *14 (E.D.N.Y. July 10, 2020). Thus, the reasonable consumer standard in the express warranty context is the same as that analyzed under New York's consumer protection laws. *Id.*

Plaintiff's express and implied warranty claims must therefore be dismissed because the Complaint does not plead a plausible claim for *breach*. Despite Plaintiff's conclusory assertions, FAC ¶ 64, the FAC does not allege any facts demonstrating that any statements on the Product were false. Plaintiff claims that the Product is "Antiplaque," "Fluoride-free," and "fights tartar buildup," and the Product provides the promised benefits: it removes plaque that could lead to tartar with brushing and does not contain fluoride. *Id.* at ¶¶ 1, 19, 23. Although Plaintiff contends "he expected that it would provide antiplaque benefits that were therapeutically significant and prevent cavities," the label, and thus the "warranty," makes no such statements. *Id.* at ¶ 66. Nor do Plaintiff's expectations represent those of reasonable consumers. Significantly, "[a] warranty of merchantability . . . does not mean that the product will fulfill a buyer's every expectation." *Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *25 (E.D.N.Y. July 21, 2010) (quotation omitted). Also, the label clearly identifies all of the ingredients in the Product and Plaintiff does not allege (nor could he) that any of this information is false.

### 3. No Vertical Privity

Plaintiff's implied warranty claim further fails because Plaintiff does not allege vertical privity. Under New York law, a "claim based upon a breach of an implied warranty [] requires a showing of privity between the manufacturer and the plaintiff." *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013); *accord Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 470 (S.D.N.Y. 2020). Because the FAC alleges only that Plaintiff Fish purchased the Product at "Walmart"—a third party retailer—in New Hartford, New York, the implied

warranty claim must be dismissed.  *See Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (dismissing breach of warranty claim when plaintiff fails to plead privity).

### 4.    No Plausible State Law or MMWA Claim

Plaintiff's MMWA claim fails for the same reasons as Plaintiff's other warranty claims. *See Cosgrove*, 520 F. Supp. 3d at 587 (holding that absence of qualifying written warranty under state law necessitates dismissal of MMWA claim).  "To state a claim under the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law." *Garcia v. Chrysler Gr. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015); *see also Ebin*, 2013 WL 3936193, at *3 (the MMWA "merely incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages.").  Because Plaintiff's state law warranty claims fail for multiple reasons, the MMWA claim also fails.

### C.    PLAINTIFF'S FRAUD CLAIM FAILS

Plaintiff's fraud claim fails because Plaintiff fails to identify a "material misrepresentation." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015).  Plaintiff's fraud theory is that Defendant misrepresented that the Product "would provide antiplaque benefits that were therapeutically significant and prevent cavities, even though it did not contain fluoride." FAC ¶ 67.  Plaintiff's fraud claim fails because Defendant never made those representations.  *See* Exhibit A.  Indeed, the words "therapeutically significant" "and "cavities" do not appear anywhere on the label.  *See id.*

Additionally Plaintiff's fraud claim fails because Plaintiff fails to allege with particularity sufficient facts to give rise to a strong inference of fraudulent intent.  "A claim for common law fraud is subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)." *Fin. Guar. Inc.*, 783 F.3d at 402-03.  To provide fair notice of a fraud claim, a plaintiff must "allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*,

25 F.3d 1124, 1128 (2d Cir. 1994).   Plaintiff does not make that showing.   Plaintiff's only allegation about fraudulent intent is that "Defendant knew the claims could mislead consumers yet sought to appeal to the large numbers seeking toothpastes without fluoride who still ranked cavity prevention as their top priority." FAC ¶ 65.   That allegation is insufficient because "[t]he simple knowledge that a statement is false is not sufficient to establish fraudulent intent, nor is a defendants' 'generalized motive to satisfy consumers' desires [or] increase sales and profits." *Davis*, 297 F. Supp.3d at 337 (quoting *In re Frito–Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *25 (E.D.N.Y. Aug. 29, 2013)).

Even construing Plaintiff's allegations regarding the alleged price premium charged by Tom's as demonstrating a desire to profit from the alleged misrepresentation, "simply alleging a defendant's self-interested desire to increase sales does not give rise to an inference of fraudulent intent." *Duran v. Henkel of Amer., Inc.*, 450 F. Supp. 3d 337, 354 (S.D.N.Y. Mar. 30, 2020); *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 464-65 (S.D.N.Y. 2016) ("[A] generalized profit motive . . . does not create the requisite 'strong inference' of fraudulent intent.") (citing *Chill v. G.E. Co.*, 101 F.3d 263, 268 (2d Cir. 1996)).

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiff fails to state a claim on any of his causes of action.   The FAC should be dismissed with prejudice because Plaintiff already amended once in response to Tom's prior motion to dismiss and was unable to cure the defects.   *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'*n, 898 F.3d 243, 257-58 (2d Cir. 2018) ("[w]hen a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment").

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _____

Peter G. Siachos, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (973) 549-2532
Fax: (973) 377-1911
Email: psiachos@grsm.com

Clair E. Wischusen, Esq. (*pro hac vice*)
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Tel: (973) 549-2524
Fax: (973) 377-1911
Email: cwischusen@grsm.com

*Attorneys for Defendant Tom's of Maine, Inc.*

Dated:  May 26, 2023

## **<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned attorney, hereby certify that on May 26, 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court for the Northern District of New York via the Court's CM/ECF system.

By: _____

Peter G. Siachos, Esq.